LAKESIDE EXCURSIONS LLC;
James L. Nix, Plaintiffs—
Appellees,

v.

HILLSBORO AVIATION, Defendant,

and

Robinson Helicopter Company, Inc.,
Defendant—Appellant.

No. 03–56006.

D.C. No. CV–01–08383–DT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2005.

Decided Feb. 25, 2005.

Daniel Markoff, Las Vegas, NV, Joel Krissman, Esq., Stolpman Krissman Elber & Silver, Long Beach, CA, for Plaintiffs–Appellees.

Peter P. Brotzen, Dwyer Daly Brotzen & Bruno, Los Angeles, CA, for Defendant.

Tim A. Goetz, Tim Goetz Law Firm, Torrance, CA, Stephen E. Ronk, Jeffrey A. Evans, Gordon & Rees, LLP, Los Angeles, CA, for Defendant–Appellant.

Before HUG, THOMPSON, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Even if Robinson could be construed under *Britton v. Co-op Banking Group,* 4 F.3d 742, 745 (9th Cir.1993), to be a third-party beneficiary of the Hillsboro–Lakeside purchase agreement, that agreement's arbitration clause does not encompass the dispute at issue. *See Chiron Corp. v. Ortho Diagnostic Systems, Inc.,* 207 F.3d 1126, 1130 (9th Cir.2000). Lakeside's claims for breach of implied warranty and breach of warranty against Robinson arise under the limited warranty, a separate document that neither incorporates the purchase agreement nor is incorporated by it. The agreement to arbitrate disputes with respect to the purchase agreement does not govern disputes with respect to the warranty or to Lakeside's negligence claims. Because all of Lakeside's claims are outside the scope of the arbitration clause, the district court properly denied Robinson's motion to compel arbitration.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts